Fboessel, J. (concurring in result).
I agree that there must be a new trial for the reasons stated by Judge Fuld as being dispositive of the appeal. I do not, however, agree with the dicta whereby a new rule is proposed with respect to the admissibility of an otherwise voluntary confession, which may or may not have been induced in part by the confrontation of defendant with an illegally seized article. The determination of this question is not necessary for the disposition of this appeal.
In any event, I am of the opinion that a voluntary confession is not to be excluded as a matter of law merely because it was made after defendant was confronted with an illegally seized article. No case cited in the majority opinion or otherwise called to our attention compels this rather novel result.
The general rule, which has been repeatedly adhered to in the decisions of this court, is that the voluntariness of a confession is a question of fact for the jury. The facts that a defendant was illegally arrested (Balbo v. People, 80 N. Y. 484), detained for an unlawful period of time prior to arraignment (People v. Vargas, 7 N Y 2d 555), improperly removed from a county jail for further questioning (People v. Lane, 10 N Y 2d 347), deceived into confessing (People v. Everett, 10 N Y 2d 500), or allegedly coerced or beaten into confessing (People v. Bloeth, 9 N Y 2d 211), have all been held to have been merely factors for submission to the jury for their consideration in passing upon the voluntariness of the confession. As we stated recently in the *289 Lane case (10 N Y 2d, at p. 352), “ Admissibility of confessions is a matter of State procedure (Rogers v. Richmond [365 U. S. 534], p. 543). Nothing in Mapp v. Ohio (367 U. S. 643) is to the contrary.” Why then should we now attempt to introduce another new rule, departing from the well-settled law in this area, that merely because a defendant may have been induced to make a confession after his confrontation with illegally seized articles it must, as a matter of law,- be excluded?
In my opinion, the procedure obtaining in all other confession cases should govern, i.e., the People may offer the confession in evidence, and the defendant may challenge it, upon the ground that it was involuntarily made, by introducing evidence accordingly. The resulting conflicting question of fact is one for the jury, regardless of the nature of defendant’s claim—that he was beaten, illegally arrested or detained, or induced by a prosecutor’s promise or by illegally seized evidence.
It is true that the defendant may then be obliged to refer to the fact that there has been an illegal search and seizure but the ‘ ‘ price a defendant must pay for attempting to prove his [defense] is * * * to make himself vulnerable where the law otherwise shields him ” (Michelson v. United States, 335 U. S. 469, 479). As Mr. Justice Jackson said in the last-cited case (at pp. 478-479), “the law extends helpful but illogical options to a defendant. Experience taught a necessity that they be counterweighted with equally illogical conditions to keep the advantage from becoming an unfair and unreasonable one.” The use of illegally obtained evidence to induce a codefendant to confess, to turn State’s evidence and to testify against the remaining defendants was approved in Goldstein v. United States (316 U. S. 114). Another approved use of illegally obtained evidence is illustrated in Walder v. United States (347 U. S. 62).
I would adhere to the general rule that the voluntariness of a confession is a question of fact for the jury and not for the court on a motion to suppress.
Chief Judge Desmond and Judges Dye, Burke and Foster concur with Judge Fuld; Judge Van Voorhis concurs in a separate opinion; Judge Froessel concurs in result in a separate opinion.
Judgments of conviction reversed, etc.